FILED
Jeffrey A. Apperson, Clerk

JUN 02 2006

U.S. DISTRICT COURT
WESTN. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:05CR-111-H

UNITED STATES OF AMERICA                                           PLAINTIFF

V.

JOEL UTRERA                                                       DEFENDANT

## JURY INSTRUCTIONS

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the Defendant or the government. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the Defendant is not evidence of guilt. The

Defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make. In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either the Defendant or the government; they merely give testimony which you should consider. Concentrate on that, not the numbers.

You have heard testimony that the Defendant committed other acts prior to the incident charged in the indictment. You may only consider this evidence if you believe that the Defendant traveled to Indiana and attempted to break into the apartment of his former partner. You can then consider the evidence only as it relates to the government's claim that the Defendant intended to commit the crime charged here on or about April 24, 2005. Remember

that the Defendant is on trial here only for attempted domestic violence on April 24, 2005, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

The Defendant has an absolute right not to testify. The fact that the Defendant did not testify cannot be considered by you in any way in arriving at your verdict.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges one offense. The Defendant is on trial only for the crime charged in the indictment. It is your duty to consider the evidence about this charge, and to return a verdict for that charge. You must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of this charge.

## INSTRUCTION NO. 1

In some cases, it is a crime for anyone to attempt the commission of an offense even though the attempt fails and the intended offense is not actually carried out or fully committed. So, in this instance the Defendant is charged with attempting to commit the offense of interstate domestic violence, in violation of Title 18, United States Code, Section 2261. To prove the charge, the government must prove the following elements beyond a reasonable doubt:

(1) The Defendant traveled from one state to another state with the intent to kill, injure, harass, or intimidate his spouse or intimate partner.

(2) In the course of, or as a result of such travel, the Defendant attempted to commit a crime of violence against that spouse or intimate partner.

(3) The Defendant did so intentionally.

To be guilty of an attempt crime, the Defendant must have intended to complete the crime and he must have done some overt act that was a substantial step towards completing the crime. Merely preparing to commit a crime is not a substantial step. The Defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit the crime. But the government does not have to prove that the Defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

As used in this Instruction, a "spouse or intimate partner" includes a spouse, a former spouse, a person who shares a child in common with the Defendant, and a person who cohabits or has cohabited with the Defendant as a spouse.

Enter your verdict under Instruction No. 1 of the Verdict Form. If you find that the United States has proved each of the three elements beyond a reasonable doubt, you must find

5

the Defendant guilty and then you must answer the questions in Instruction No. 2. If, on the other hand, you find that the United States has failed to prove any one of these elements beyond a reasonable doubt, you must find the Defendant not guilty.

## INSTRUCTION NO. 2

If you find the Defendant guilty under Instruction No. 1, you must answer the questions in Instruction No. 2. Otherwise, please disregard this Instruction and return to the courtroom.

You must determine whether the government has proved the following statements to be true beyond a reasonable doubt:

(1) The Defendant used a dangerous weapon during the commission of the offense defined in Instruction No. 1.

(2) The Defendant did so knowingly.

The phrase "dangerous weapon" means any object, instrument or device used in a manner by the Defendant that is likely to inflict serious bodily harm. Both the physical capabilities of the object used and the manner in which the object is used may be considered by the jury in determining whether the object is a "dangerous weapon."

If you find that the United States has proved each of the two statements to be true beyond a reasonable doubt, then you must check "yes" under Instruction No. 2. If, on the other hand, you find that the United States has failed to prove either one of these two statements beyond a reasonable doubt, you must check "no." Enter your answer under Instruction No. 2 of the Verdict Form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the Defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which sets forth the verdict. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:05CR-111-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

JOEL UTRERA                                                           DEFENDANT

**VERDICT FORM**

We, the jury, find the Defendant, Joel Utrera,

On Instruction No. 1          _____              _____
                                Guilty                 Not Guilty

We, the jury, answer

On Instruction No. 2

                              _____              _____
                                 Yes                      No

                                            _____
                                            FOREPERSON

                                            Date: _____